| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JAKE ELLIS DAUGHTRY, SANDRA §
MILLER DAUGHTRY, JAKE'S §
FIREWORKS, JOSEPH ELLIS §
DAUGHTRY, RIGHT PRICE §
CHEMICALS, LLC, BEST BUY §
INDUSTRIAL SUPPLY, LLC, LAB §
CHEMICAL SUPPLY, LLC, and §
DAUGHTRY INVESTMENTS, LLC, §
　　　　　　　　　　　　　　　　§
　　　　　　Plaintiffs, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO.1:23-CV-343
　　　　　　　　　　　　　　　　§
SILVER FERN CHEMICAL, INC., §
and GILDA FRANCO, §
　　　　　　　　　　　　　　　　§
　　　　　　Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs' Motion to Remand (#5), in which they argue that Defendant Silver Fern Chemical, Inc. ("Silver Fern") "is barred by judicial estoppel" from arguing that this court has subject matter jurisdiction based on diversity jurisdiction. Silver Fern and Defendant Gilda Franco ("Franco") each filed responses in opposition (#s 12, 13). Having considered the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that the motion should be denied.

Plaintiffs' claims relate to the criminal investigation and subsequent prosecution of the individual plaintiffs, Jake, Sandra, and Joseph Daughtry, for the sale and distribution of 1,4-butanediol ("BDO"). During the time that Plaintiffs were distributing BDO, Plaintiffs contend that Silver Fern was their primary supplier of BDO. Plaintiffs aver that, at some point in the criminal investigation, Franco, an employee of Silver Fern, altered emails that she had previously

sent to Plaintiffs. The emails were modified to include relevant safety information regarding the alternative uses of BDO. Plaintiffs argue that Silver Fern then provided these altered emails to the Government (which purportedly made Plaintiffs appear more culpable) and assert that the Government relied on that information during the prosecution. Plaintiffs also appear to contend that Defendants should have provided them with this information at the time of their BDO purchases.

Plaintiffs originally sued Defendants in this court, Civil Action No. 1:22-CV-239, alleging nearly the same causes of action they now assert—that action was assigned to United States District Judge Michael J. Truncale. Other than including two additional individual defendants, the previous action was almost identical to the case at bar, with the primary difference being that Plaintiffs previously also asserted a federal antitrust claim (1:22-CV-239, #47). While Plaintiffs initially claimed that diversity of citizenship jurisdiction existed (1:22-CV-239, #1), they later omitted any reference to diversity jurisdiction in their Third Amended Complaint. In fact, Plaintiffs never established the citizenship of all the parties. As a result, Plaintiffs relied on federal question jurisdiction to bring that lawsuit in federal court. Rather than filing an answer, Defendants filed motions to dismiss (1:22-CV-239, #s 51, 52), claiming that the court lacked federal question jurisdiction. Judge Truncale granted the motions to dismiss (1:22-CV-239, #61), finding that, because Plaintiffs had failed to state a federal antitrust claim (and because the court declined to exercise supplemental jurisdiction over the remaining state law claims), the court lacked subject matter jurisdiction and, accordingly, dismissed the lawsuit.

A few months after the dismissal, Plaintiffs filed this action in the 58th Judicial District Court of Jefferson County, Texas. Shortly after it was served, Silver Fern removed the action to

2

this court (#1) based on diversity of citizenship jurisdiction, claiming that complete diversity exists and the amount-in-controversy requirement is satisfied. One month after Silver Fern's removal, Plaintiffs filed their motion to remand. Interestingly, Plaintiffs do not dispute any of Silver Fern's assertions with respect to the parties' citizenship or the amount in controversy. Rather, Plaintiffs argue that Judge Truncale previously ruled that this court lacks subject matter jurisdiction and that "Silver Fern is barred by judicial estoppel from now taking the position [that] this Court has subject matter jurisdiction when it had already taken a contrary position" in Civil Action No. 1:22-CV-239.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___, 139 S. Ct. 1743, 1746 (2019); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of filing and the date of removal. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Silver Fern's basis for removal, diversity jurisdiction, requires complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy to exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Silver Fern asserts that all individual plaintiffs (Jake, Sandra, and Joseph Daughtry) are citizens of Texas and that all the company plaintiffs (Right Price Chemicals, LLC, Best Buy Industrial Supply, LLC, Lab Chemical Supply, LLC, and Daughtry Investments, LLC) are also citizens of Texas because all the LLCs' members are one or more of the individual defendants. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."). Jake's Fireworks appears to be an unincorporated entity, fully owned by Joseph and Sandra Daughtry (#s 1, 21). *See id.* at 1079 (noting that "the citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of each of its members" (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 190 (1990))). With respect to this issue, Plaintiffs' Amended Disclosure Statement (#39) confirms that each of the LLCs' members are citizens of Texas and, thus, each LLC is a citizen of Texas. In addition, Silver Fern notes that it is a citizen of Washington (where it is incorporated) and California (where it maintains its principal place of business) (#35) and Franco is a citizen of Arizona. Finally, Silver Fern points out that, in their Petition (#2), Plaintiffs state that they "seek monetary relief over $1,000,000." As noted above, Plaintiffs do not refute Silver Fern's assertions regarding diversity of citizenship jurisdiction. Thus, Silver Fern has satisfied its burden of showing that complete diversity exists and the amount in controversy requirement is satisfied.

After taking all of this into account, rather than disputing the basic jurisdictional facts, Plaintiffs contend that Judge Truncale "specifically considered diversity jurisdiction" when determining that federal question jurisdiction was absent in Civil Action No. 1:22-CV-239 and that

Silver Fern is "barred by judicial estoppel" from contending that diversity of citizenship jurisdiction exists.

As to Plaintiffs' prior lawsuit, contrary to their assertion here, Judge Truncale did not make a determination regarding diversity of citizenship jurisdiction in his order disposing of Civil Action No. 1:22-CV-239 (#61).  The order's only reference to diversity jurisdiction occurs at the outset of his discussion of the jurisdictional challenge.  Judge Truncale noted that Plaintiffs had previously asserted diversity of citizenship jurisdiction in their complaint but went on to acknowledge that the only claimed jurisdictional basis before the court was federal question jurisdiction.  Indeed, Plaintiffs removed any reference to diversity jurisdiction or 28 U.S.C. § 1332 in their Third Amended Complaint.  Diversity of citizenship jurisdiction was not alleged and, therefore, was not before the court.  Moreover, the fact that Judge Truncale dismissed Plaintiffs' prior lawsuit after finding their claimed basis for subject matter jurisdiction lacking does not preclude Silver Fern from removing Plaintiffs' later-filed state court lawsuit on a jurisdictional basis different than that considered by Judge Truncale.  *Cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (noting that, even after a previous remand, "a defendant is precluded only from seeking a second removal on the same ground").

Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000)).  Courts should apply this doctrine when "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to

5

accept the prior position; and (3) the party did not act inadvertently." *Id*. (quoting *In re Coastal Plains, Inc.*, 179 F.3d at 206-07).  Here, the inquiry begins and ends with the first step.

With respect to Silver Fern's arguments in the prior action, Silver Fern's current position—namely, that diversity of citizenship jurisdiction exists—is not "plainly inconsistent with its prior legal position." *Jethroe*, 412 F.3d at 600.  In that case, Silver Fern properly noted that the party invoking the court's jurisdiction bears the burden of establishing subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).  Specifically, at a time when Plaintiffs were apparently still relying on diversity jurisdiction, Silver Fern contended in its first Motion to Dismiss (1:22-CV-239, #23) that "Plaintiffs ha[d] failed to plead facts sufficient to show the existence of jurisdiction because they ha[d] not adequately pled[ed] the membership of any of the LLC Plaintiffs or the citizenship of those members."  Silver Fern did not contend that diversity jurisdiction did not exist; rather, it argued that Plaintiffs had failed to satisfy their burden of establishing subject matter jurisdiction due to their failure to disclose the members and citizenship of the LLC plaintiffs.  Such a contention, based on a lack of relevant information, is not inconsistent with Silver Fern's current position.  Accordingly, in this case, Silver Fern, now bearing the burden of demonstrating that this court has jurisdiction, is not judicially estopped from asserting that diversity of citizenship jurisdiction exists.

For the foregoing reasons, Plaintiffs' Motion to Remand (#5) is DENIED.  Silver Fern has satisfied its burden of establishing that this court has diversity of citizenship jurisdiction.

SIGNED at Beaumont, Texas, this 24th day of April, 2024.

                                            MARCIA A. CRONE
                                       UNITED STATES DISTRICT JUDGE